IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| PAUL E. RIGGINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 5:12-cv-2143-AKK |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff Paul E. Riggins ("Riggins") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Riggins filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income on December 3, 2008, alleging a disability onset date of July 1, 2006, due to degenerative disc disease, third degree burns, nerve damage, residuals of a broken leg, carpal tunnel syndrome, and a learning disability.  (R. 23, 153).

After the SSA denied Riggins' claim, he requested a hearing before an ALJ. (R. 79-80). The ALJ subsequently denied Riggins' claim, (R.20-32), which became the final decision of the Commissioner when the Appeals Council refused to grant review. (R. 1-6). Riggins then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). Doc. 1.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id.* (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the

Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

### IV.  The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Riggins met the insured status requirements of the Act through December 31, 2011.  (R. 25).  Moving to the first step, the ALJ found that Riggins had not engaged in substantial gainful activity since July 1, 2006, and, therefore, met Step One.  (R. 25).  Next, the ALJ found that Riggins satisfied Step Two because he suffered from the severe impairments of

> degenerative disk disease of the cervical spine, and is status post anterior cervical diskectomy and fusion at C5-6 and C6-7 in August 2005; degenerative disk disease of the lumbar spine; degenerative joint disease of the left knee; weakness of the left arm, possibly secondary to peripheral neuropathy from the neck or a history of 3rd degree burns to the left arm and chest; probable chronic obstructive pulmonary disease; obesity; and history of open reduction and internal fixation for repair of a right femur fracture.

*Id*.  The ALJ then proceeded to the next step and found that Riggins failed to satisfy Step Three because he "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments."  (R. 26).  Although the ALJ

answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Riggins

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he can occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds; that he cannot lift above shoulder level; that he can stand and walk for 6 out of 8 hours, but cannot do so for longer than 30 minutes at a time without the ability to sit down; that he can sit for 6 out of 8 hours, but cannot do so for longer than 1 hour without the ability to stand; that he can occasionally balance, stoop, kneel, and crouch, and he can occasionally climb ramps and stairs; that he cannot work on ladders, ropes, or scaffolds or around unprotected heights; that he has decreased strength in his left non dominant hand, and can use that arm frequently, but not constantly, for work activities; that he has no limitations in regard to using his right dominant hand and arm; that he needs to avoid concentrated exposure to fumes, odors, dust, gases, and areas with poor ventilation; that he needs to avoid heat and cold temperature extremes; and that he needs to avoid heavy vibrations.  The undersigned further finds that the claimant is limited to simple type jobs which are paid by hourly wages rather than piece work payment; that he is limited to simple work related decisions; and that any changes in the job setting should be infrequent and gradually introduced.

*Id.* As of the date of the ALJ's decision, Riggins was 43 years old, (R. 31), and had past relevant work that included medium semi-skilled work as a tow truck driver and as a delivery driver. *Id.* In light of his RFC, the ALJ held that Riggins "is unable to perform any past relevant work." *Id.* Lastly, in Step Five, the ALJ considered Riggins' age, education, work experience, and RFC and determined "there are jobs that exist in significant numbers in the national economy [Riggins] can perform." *Id.* Therefore, the ALJ found that Riggins "has not been under a disability, as defined in the Social Security Act, from July 1, 2006, through the date of this decision." (R. 32).

5

V.  Analysis

The court now turns to Riggins' contentions that the ALJ (1) failed to properly evaluate the report from the consultative examiner; and (2) did not base his RFC findings on a medical source opinion.  *See* doc. 8 at 7-14.  The court addresses each contention in turn.

    A.    <u>The ALJ properly considered the opinions of the consultative examiner.</u>

Lawson contends the ALJ erred because he did not give proper weight to the opinions of the SSA's consultative examiner, Dr. Prem Gulati.  Doc. 8 at 7-9.  Dr. Gulati performed an examination on March 6, 2009, and noted Riggins complained of pain while doing range of motion testing of the neck, and was tender to touch in the knees.  (R. 305).  However, Dr. Gulati found "no associated swelling, tenderness or deformity," and that range of motion in all extremities was normal.  *Id.*  Examination of the back revealed no spasms, deformities or tenderness, and range of motion in the dorsolumbar spine was normal.  *Id.*  Dr. Gulati observed that Riggins "had no difficulty getting on and off the examination table," but that he walked with a limp.  (R. 305-06).  Riggins was unable to squat or toe walk, but was able to do heel walking "with some difficulty."  (R. 306).  In the discussion section of his report, Dr. Gulati opined that "[i]t is my impression that this gentleman will not be able to do any type of exertional type of jobs," and further that "I do not believe he can do any gainful employment."  *Id.*

Riggins' reliance on Dr. Gulati's opinion that he cannot work is unavailing because, as the ALJ noted, the "opinion concerns an issue that is reserved to the

6

Commissioner." (R. 30). The pertinent regulation provides that opinions on issues reserved to the Commissioner, such as whether a claimant is disabled or unable to work, are not medical opinions:

> Opinions on some issues, such as the examples that follow, are not medical opinions . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.
>
> (1) *Opinions that you are disabled*. We are responsible for making the determination or decision about whether you meet the statutory definition of disability. In so doing, we review all of the medical findings and other evidence that support a medical source's statement that you are disabled. A statement by a medical source that you are "disabled" or "unable to work" does not mean that we will determine that you are disabled.

20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see also Denomme v. Comm'r, Soc. Sec. Admin.*, 518 F. App'x 875, 878 (11th Cir. 2013) (finding doctor's statement that claimant's condition would "likely prevent her from maintaining gainful employment" was not a medical assessment). Therefore, the ALJ correctly found that Dr. Gulati's opinion that Riggins would not be able to "do any gainful employment" was not entitled to substantial weight.

The ALJ also discredited Dr. Gulati's opinions because they "are not supported by the objective and clinical findings contained in the record." (R. 30). For example, the ALJ noted that while Dr. Gulati diagnosed degenerative joint disease of the left knee with possible cruciate ligament tear, (R. 306), an x-ray of Riggins' left knee taken the same month showed no acute disease and only mild degenerative changes. (R. 30, 309).

The ALJ also observed that although Dr. Gulati found "wheezing and distant breath sounds in the lungs . . . , examination at the Central North Alabama Health Services revealed clear lungs and a chest x-ray was normal." (R. 30, 271, 289, 338). The ALJ properly relied on this contrary evidence to reject Dr. Gulati's opinions. *See Bloodworth v. Heckler*, 703 F.2d 1233, 1240 (11th Cir. 1983) (the ALJ "may reject the opinion of any physician when the evidence supports a contrary conclusion."); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (ALJ must consider whether the doctor's opinion is consistent with the record as a whole in assessing its weight). Moreover, the ALJ found that Dr. Gulati's opinions were inconsistent with his own examination, which showed "only a mildly decreased range of motion in the cervical spine and mild weakness in the left arm, hand and leg." (R. 30); *see Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (good cause exists to reject a treating physician's opinion when it is inconsistent with his own medical records). The ALJ also correctly observed that Riggins received no treatment related to his allegedly disabling conditions after November 2006 until Dr. Gulati's consultative examination in March 2009, (R. 28), which provides further support for his decision not to give weight to Dr. Gulati's opinions. *Cf. Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th. Cir. 2005) (finding the ALJ properly considered gaps in treatment in assessing the claimant's credibility).

Based on this record, the court finds that substantial evidence supports the ALJ's decision not to give substantial weight to Dr. Gulati's opinions. Accordingly, because this court does not reweigh the evidence, the ALJ committed no reversible error.

> B.  The ALJ was not required to support his RFC assessment with a medical source opinion.

Riggins's final contention is that the ALJ's RFC is not based on an opinion from a medical source. Doc. 8 at 9-11. However, Riggins overlooks that the regulations and the law of this circuit do not impose such a requirement. Rather, the pertinent regulation provides that opinions on issues reserved to the Commissioner, such as a claimant's RFC, are not medical opinions:

> Opinions on some issues, such as the examples that follow, are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability.

20 C.F.R. §§ 404.1527(d), 416.927(d). One of the specifically reserved examples is a claimant's RFC:

> Although we consider opinions from medical sources on issues such as . . . your residual functional capacity . . . the final responsibility for deciding these issues is reserved to the Commissioner.

20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2). Consequently, the Eleventh Circuit has recognized that "the task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors." *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) (unpublished). It has also found an ALJ's RFC finding can be supported by substantial evidence even without a medical source statement. *See Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 922-23 (11th Cir. 2007) (unpublished) (rejected the claimant's argument "that without [the physician's] opinion, there [was] nothing in the record" to support the ALJ's RFC assessment).

9

Here, the ALJ properly relied on evidence from Riggins's treating physicians, diagnostic testing, and other evidence to assess Riggins's RFC. (R. 30). Because there was sufficient medical evidence to allow the ALJ to assess Lawson's physical RFC and determine whether she was disabled, the record was complete. *See* 20 C.F.R. § 404.1513(e). Consequently, no medical source opinion or other additional development was required, and the ALJ committed no reversible error.

## VI. Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Riggins is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

**DONE** this 17th day of June, 2014.

_____
 **ABDUL K. KALLON**
 UNITED STATES DISTRICT JUDGE